IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELEKTRA ENTERTAINMENT GROUP, INC., et al.,

        Plaintiffs,

vs.

RANDY SMITH,

        Defendant.
_____/

No. CIV S- 06-1651 DFL GGH

FINDINGS AND RECOMMENDATIONS

        Plaintiffs' motion for entry of default judgment against defendant Smith, filed January 24, 2007, was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On July 25, 2006, plaintiffs filed the underlying complaint in this action against defendant Smith, alleging defendant was using the internet to illegally download various copyrighted sound recordings and distribute them. The summons and complaint were served on defendant Smith on October 26, 2006, by leaving them at defendant's address with defendant's co-tenant. Fed. R. Civ. P. 4(e)(2). Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant has

1

failed to file an answer or otherwise appear in this action. On December 6, 2006, the clerk entered default against defendant Smith.

Notice of entry of default and the instant motion for default judgment and supporting papers were served by mail on defendant at his last known address. Defendant filed no opposition to the motion for entry of default judgment. Plaintiffs seek an entry of default judgment in the amount of $8,250.00 in statutory damages, $420.00 in costs, and a permanent injunction.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

To prevail on a claim for copyright infringement, plaintiff must establish ownership of a valid copyright and unauthorized copying of original elements of the work by the defendant. Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Plaintiffs have alleged ownership of valid copyright registrations in the sound recordings that defendant allegedly downloaded illegally from the Internet. See Complaint ("Compl."), at ¶¶ 15-17; Exs. A-B. Plaintiffs have also alleged unauthorized reproduction and distribution of the protected works. Compl., at ¶ 17. The complaint is sufficiently plead and states a claim for copyright infringement.

Plaintiffs need not prove those actual damages to recover the statutory damages they seek. Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 1997). Plaintiffs seek statutory damages as authorized by 17 U.S.C. § 504(c), in the amount of $8,250.00. Compl., at ¶ 20; Motion for Entry of Default Judgment ("Motion"), at 4:7-8. The court notes that defendant did not bother to respond to this action in any way, and thereby forfeited any argument he may have had to contest the amount of damages.

1  The court deems defaulting defendant, by his failure to appear or defend this action, to have
2  waived any objections to the statutory source of the damages prayed for in the instant motion.
3  The memorandum of points and authorities and affidavits filed in support of the motion for entry
4  of default judgment supports the finding that plaintiffs are entitled to the relief requested.  There
5  are no policy considerations which preclude the entry of default judgment of the type requested.
6  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Remedies

Plaintiffs seek statutory damages in the amount of $8,250.00, a permanent injunction and an award of costs in the amount of $420.00 for filing fees and service of process. Plaintiffs do not seek attorneys' fees.

A. Injunction

Plaintiffs seek an injunction in the following form to enjoin defendant's wrongful conduct:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Motion, at 8–9.

Federal copyright laws authorize injunctive relief for copyright infringement. Elektra Ent. Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D.Cal. 2005 (citing 17 U.S.C. § 501, 502(a)).  "A court may order a permanent injunction 'to prevent or restrain infringement of

3

[the owner's] copyright.'  Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction." Sega Enterprises Ltd. v. Maphia, 948 F. Supp. 923, 940 (N.D. Cal. 1996) (quoting 17 U.S.C. § 502) (finding access to equipment that allowed defendant to continue to illegally download and distribute game programs constituted a threat of continued violation); see also, MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993); Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1073 (D. Ariz. 2006) (granting a permanent injunction upon entry of default judgment against defendant in a copyright infringement action).

Here, as discussed above, plaintiffs have established defendant's liability for copyright infringement.  Furthermore, in proving up their claim, plaintiffs have established defendant's access to the online media distribution system through which the infringement occurred.  Infringement by such means exposes plaintiffs to "massive, repeated, and worldwide infringement" of their copyrighted sound recordings.  Twentieth Century Fox Film Corp., 438 F. Supp. 2d at 1073 ("When digital works are distributed via the internet, as in this case, every downloader who receives one of the copyrighted works from Defendant is in turn capable of also transmitting perfect copies of the works.  Accordingly, the process is potentially exponential rather than linear, threatening virtually unstoppable infringement of the copyright.") (quoting A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013-14 (9th Cir. 2001)).  Monetary damages cannot adequately compensate this widespread infringement.

Finally, defendant's failure to respond to this lawsuit suggests an indifference to the unlawful nature of his infringing activity.  Accordingly, based on the foregoing, this court finds that the requested injunctive relief is appropriate and recommends that it be granted.

B. Statutory Damages

Where a plaintiff prevails in a copyright infringement case, 17 U.S.C. § 504(c) provides for an award of statutory damages in a sum of not less than $750 or more than $30,000 for each infringement, as the court considers just.  Moreover, pursuant to 17 U.S.C. § 504(c)(2), a

4

court has discretion to increase the award of statutory damages to $150,000 per infringement where an infringer's conduct is found to be willful.  "Statutory damages are particularly appropriate in a case . . . in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages."  Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

Here, plaintiffs seek the minimum amount ($750) for each alleged act of infringement (eleven in total), for a total of $8,250.00.  See Motion, at 8:17-20; Compl., Ex. A.  The court finds that the amount of statutory damages sought by plaintiffs is reasonable and just.

C.  Costs

Pursuant to 17 U.S.C. § 505, courts have discretion to award "the recovery of full costs and reasonable attorney fees" in cases of copyright infringement.  17 U.S.C. § 505.  Here, plaintiffs seek costs in the amount of $420.00 for filing fees and service of process.  The court recommends that plaintiffs request for an award of costs in the amount of $420.00 be granted.

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' motion for entry of default judgment be GRANTED.  Judgment should be rendered in the amount of $8,250.00 in statutory damages and $420.00 in costs.  A permanent injunction should be granted against defendant as specified herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

\\\\\

\\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 4/18/07

4                                         /s/ Gregory G. Hollows

5                                         GREGORY G. HOLLOWS
                                          UNITED STATES MAGISTRATE JUDGE

6

GGH:076

7  Elektra1651.def.wpd