IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC, a Delaware corporation; LONDON-SHIRE RECORDS, a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; PRIORITY RECORDS LLC, a California limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; and BMG MUSIC, a New York general partnership,<br><br>        Plaintiffs,<br><br>  vs.<br><br>RANDY SMITH,<br><br>        Defendant. | No. 2:06-cv-01651-JKS-GGH<br><br>DEFAULT JUDGMENT |

       The Court having entered its order of even date herewith adopting in full the Findings and Recommendations made by the United States Magistrate Judge.

       Now, therefore,

       IT IS ORDERED, ADJUDGED AND DECREED THAT Plaintiffs Elektra Entertainment Group, Inc, London-Shire Records, Maverick Recording Company, Priority Records LLC, Motown Record Company, L.P.,  UMG Recordings, Inc., Sony BMG Music Entertainment, Arista Records LLC,  and BMG Music, are awarded $8,250.00 in statutory damages plus $420.00 in costs for a total judgment of $8,670.00.

IT IS FURTHER ORDERED ADJUDGED AND DECREED THAT Defendant Randy Smith is hereby enjoined from directly or indirectly infringing the rights of Plaintiffs Elektra Entertainment Group, Inc, London-Shire Records, Maverick Recording Company, Priority Records LLC, Motown Record Company, L.P.,  UMG Recordings, Inc., Sony BMG Music Entertainment, Arista Records LLC,  and BMG Music, or any of them, under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs, or any of them, (or any parent, subsidiary, or affiliate record label of Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e*., download) any of Plaintiffs' Recordings, to distribute (*i.e*., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also must destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and must destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Dated:  February 1, 2008

    s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge